UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE ESTATE OF FRANKLIN LOGAN, DECEASED, by Cheyenne Morgan as personal representative,<br><br>              Plaintiff,<br><br>              v.<br><br>KEVIN MCISAAC SERVICES, LLC,<br>KEVIN MCISAAC,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   No. 1:24-cv-00434-TWP-MG<br>)<br>)<br>)<br>)<br>) |

**ENTRY ON JURISDICTION**

It has come to the Court's attention that Plaintiff's Complaint fails to allege all the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Complaint alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Complaint fails to sufficiently allege the citizenship of the parties. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").

For purposes of diversity jurisdiction, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). Further, "the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id.*

The Complaint alleges, "[t]he Estate of Franklin Logan, deceased, was opened in the Circuit Court of Franklin County, Indiana, and Cheyenne Morgan was appointed to serve as personal representative" (Filing No. 1 at 1). This allegation is insufficient to allege the citizenship of Plaintiff to allow the Court to determine whether diversity jurisdiction exists because the allegation fails to state the citizenship of the decedent. The Complaint also alleges "[a]t all relevant times herein, Kevin McIsaac Services, LLC, was a for-profit limited liability company formed under the laws of the State of Florida with its principal place of business located in the State of Florida." *Id.* at 1–2. This allegation is insufficient to allege the citizenship of Defendant Kevin McIsaac Services, LLC, to allow the Court to determine whether diversity jurisdiction exists because the allegation fails to state the members of Kevin McIsaac Services, LLC, and their citizenship.

As the party asking this Court to invoke its jurisdiction, the Plaintiff must properly allege the citizenship of each of the parties to establish subject matter jurisdiction. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Therefore, the Plaintiff is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the citizenship of the decedent and the members of the Defendant Kevin McIsaac Services, LLC, and their citizenship. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

**SO ORDERED**.

Date: 4/1/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

David W. Craig
Craig Kelley and Faultless
dcraig@ckflaw.com

Scott Anthony Faultless
Craig, Kelley & Faultless
sfaultless@ckflaw.com