UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE ESTATE OF FRANKLIN LOGAN, DECEASED, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cv-00434-TWP-MG ) |
| KEVIN MCISAAC SERVICES, LLC, KEVIN MCISAAC, | ) ) ) ) |
| Defendants. | ) |

**SECOND ENTRY ON JURISDICTION**

On April 10, 2024, the Court ordered Plaintiff the Estate of Franklin Logan, Deceased (the "Estate") to file a supplemental jurisdictional statement specifically identifying the citizenship of the Estate and Defendant Kevin McIsaac Services, LLC (Filing No. 7). On May 29, 2024, the Estate filed its Supplemental Jurisdictional Statement (Filing No. 15). The Statement identifies the citizenship of the Estate but still fails to adequately allege the citizenship of Defendant Kevin McIsaac Services, LLC (the "LLC"). The Statement also raises new questions about the citizenship of Defendant Kevin McIsaac ("Mr. McIsaac").

**I.        DISCUSSION**

The Estate's Supplemental Jurisdictional Statement alleges:

8.      Counsel for Kevin McIsaac Services, LLC has advised Plaintiff that each of the two members of the LLC is an Illinois resident, and that Defendant Kevin McIsaac is one of the two members.

9.      Counsel for Kevin McIsaac Services, LLC has advised Plaintiff that the LLC was formed in Florida.

10.     Counsel for Kevin McIsaac Services has refused to identify any additional information about the members of Kevin McIsaac Services, LLC.

> 11. Therefore, Kevin McIsaac Services, LLC is, at minimum, a citizen of the State of Illinois.

(Filing No. 15 at 2–3). These statements fail to adequately allege the citizenship of the LLC or of Mr. McIsaac to allow the Court to determine whether complete diversity exists.

A. **Kevin McIsaac Services, LLC**

The Estate's allegation that both members of the LLC are "Illinois resident[s]" is insufficient for two reasons. First, it fails to identify the citizenship of either member, as compared to the members' residence. "[R]esidence and citizenship are not synonymous and it is the latter that matters for purposes of diversity jurisdiction." *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Second, it fails to identify the LLC's members. Allegations that unnamed members are citizens of certain states are not sufficient to establish diversity jurisdiction. The Seventh Circuit has "held repeatedly that there's no such thing as a [state name here] partnership or LLC, that only the partners' or members' citizenships matter, and that their identities and citizenships must be *revealed*. We do not blithely accept assurances along the lines of 'no one on our side is a citizen of the opposing litigant's state.'" *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 830 (7th Cir. 2020) (alteration and emphasis in original) (citation omitted); *see also, e.g.*, *See Eures v. Havenpark Mgmt.*, No. 4:23-cv-184, 2024 WL 1374766 (S.D. Ind. Apr. 1, 2024) (Pratt, C.J.); *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003); *Middlemen Serv. Pros., LLC v. AION Mgmt., LLC*, No. 23-cv-01336, 2024 WL 454975, at *1 (S.D. Ind. Feb. 6, 2024); *Padilla v. Diaz*, No. 23-cv-00170, 2023 WL 9751418, at *1 (S.D. Ind. Oct. 18, 2023); *Indy Car LLC v. Boston Grand Prix, LLC*, No. 16-cv-01274, 2016 WL 11694986, at *1 (S.D. Ind. June 20, 2016). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be. Failure to go through all the layers can result in dismissal for want of jurisdiction." *Meyerson*, 299 F.3d at 617 (citations omitted).

2

Defense counsel's refusal to disclose further information does not excuse the Estate's failure to adequately allege jurisdiction in its Complaint, especially because the Estate only requested information about the LLC's members after filing its Complaint and receiving the Court's Entry on Jurisdiction (*see* Filing No. 9). As the party seeking to assert this Court's jurisdiction, the Estate carries the burden of establishing that subject-matter jurisdiction exists. It appears the Estate could not carry that burden at the time it filed its Complaint and still cannot carry it. The Court has previously admonished plaintiffs not to invoke diversity jurisdiction before determining whether the parties are diverse. *See Eures*, 2024 WL 1374766. In the context of removal, the Court has held that this type of "file-first-and-examine-whether-complete-diversity-exists-later" approach is improper and unreasonable. *See VPG Grp. Holdings LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 20-cv-01505, 2020 WL 6323485, at *3 (S.D. Ind. Oct. 28, 2020); *Circle Ctr. Mall LLC v. Zurich Am. Ins. Co.*, No. 14-cv-01160, 2014 WL 4539983 (S.D. Ind. Sept. 11, 2014) ("Defendants alleged that complete diversity was met based only on 'the investigation [Defendant] has been able to undertake to this point.' . . . But that investigation surely was not a complete or sufficiently thorough one, as Defendants did not know (and *still* do not know) the citizenship of [Plaintiff]." (emphasis in original)). The Estate should not have initiated this action in federal court if it could not identify the members of the LLC and their states of citizenship.

Nevertheless, because Defendants must soon identify the LLC's members anyway, the Court will grant the Estate a final opportunity to establish this Court's subject-matter jurisdiction. Pursuant to Federal Rule of Civil Procedure 7.1 and this Court's March 8, 2024 Notice (Filing No. 4), Defendants must file a disclosure statement naming and identifying the citizenship of every member of the LLC. *See Eures*, 2024 WL 1374766 (clarifying that Rule 7.1 requires LLC parties to disclose names of all members, and not merely members' states of citizenship). According to

the Court's docket, Defendants' Rule 7.1 statement should have been filed on April 17, 2024, when defense counsel filed his appearance. Fed. R. Civ. P. 7.1(b)(1) (requiring that a party file its disclosure statement "with its first appearance, pleading, petition, motion, response or other request"). However, the Court expects that Defendants will file a belated Rule 7.1 disclosure statement no later than June 14, 2024, when Defendants' answer to the Complaint is due (Filing No. 12; Filing No. 13). The Court will therefore grant the Estate until June 21, 2024, in which to file a Second Supplemental Jurisdictional Statement establishing the citizenship of the LLC.

**B.      Kevin McIsaac**

The Complaint alleges that "[a]t all times relevant herein, Kevin McIsaac was a citizen of the State of Florida" (Filing No. 1). On its face, this allegation sufficiently alleges Mr. McIsaac's citizenship. But the Supplemental Jurisdictional Statement alleges that Mr. McIsaac is an "Illinois resident" (Filing No. 15). This allegation does not establish that Mr. McIsaac is a citizen of Illinois, since residency and citizenship are not synonymous. *Meyerson*, 299 F.3d at 617. Yet, in light of this new residence allegation, it is now unclear whether Mr. McIsaac is a citizen of Florida or Illinois. The Estate's Second Supplemental Jurisdictional Statement must therefore clarify Mr. McIsaac's state of citizenship.

## II.     CONCLUSION

For the foregoing reasons, the Estate is **ORDERED** to file a Second Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the citizenship of the parties and the amount in controversy. This second jurisdictional statement is due no later than **Friday, June 21, 2024**.

**SO ORDERED**.

Date: 6/5/2024

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

4

Distribution:

David W. Craig
Craig Kelley and Faultless
dcraig@ckflaw.com

Scott Anthony Faultless
Craig, Kelley & Faultless
sfaultless@ckflaw.com

Alan R. Trenz
Trenz & Knabe Co., LPA
atrenz@trenzlaw.com